UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID FRANKS** | **CIVIL ACTION** |
| **VERSUS** | **NO:    15-5154** |
| **NEW PRIME, INC. D/B/A PRIME, INC., JOHN DOE AND RLI INSURANCE COMPANY** | **SECTION: "N" (4)** |

## ORDER

Before the Court is a **Motion to Compel (R. Doc. 16)**, filed by the Plaintiff, seeking an Order from the Court to compel Defendants to respond fully to Plaintiff's Interrogatories and Request for Production that were propounded on October 28, 2015.  R. Doc. 16, p. 1. Plaintiff also seeks attorney's fees and costs that it incurred filing the motion. The motion is opposed. R. Doc. 41. The motion was heard by oral argument on February 24, 2016.

**I.     Background**

This action arises out of a near-miss incident which occurred on October 30, 2014, when David Franks was traveling southbound on Interstate 59 when without warning a New Prime ("Prime") 18-wheeler operated by "John Doe" improperly changed lanes. Franks alleges that he avoided the collision by veering off the roadway onto the median of the interstate, lost control of his motorcycle, was ejected from the motorcycle, and the truck driver fled the scene. R. Doc. 1, p. 2.

Plaintiff alleges that he suffered severe and permanent injuries to his neck and back. Plaintiff alleges that "John Doe" was in the course and scope of his employment with Prime when the accident occurred. Further, Plaintiff alleges that Prime was negligent in its hiring, training, and supervision of its driver. *Id.* at 4. Plaintiff also alleges that RLI Insurance Company issued a policy of liability insurance which was in effect at the time of the accident. *Id.* at 5.

As relevant background to the instant motion, Plaintiff argues that Prime denies that it had a truck in the vicinity at the time of the accident and that Defendant has threatened to file a motion to dismiss on that basis. R. Doc. 16-4, p. 2. Plaintiff maintains that he is seeking all information which can assist him in determining whether there was a Prime truck involved in the crash to support the testimony of his eye witnesses. *Id.*

As delineated in Plaintiff's motion, the discovery responses that are insufficient are Request for Production Nos. 1, 3, 4, 6, 10, 11, 12, 13, 16, 17, and 18. Plaintiff also states that responses to Interrogatories Nos. 1, 2, 3, 4, 5, 6, 7, 8, 13, and 14 are also deficient.

During oral argument, contested discovery requests were limited to requests in which Plaintiff seeks tracking data to determine if any of Defendant's trucks were in the area at the time of the accident. This issue encompasses Request for Production Nos. 4, 11, 12 and Interrogatory Nos. 2, 3, 4, and 5. Moreover, Interrogatory No. 6 and Request for Production Nos. 3, 6, and 17 also were contested during oral argument. Request for Production Nos. 1, 10, 13, 16, and 18 and Interrogatories Nos. 1, 7, 8, 13, and 14 were not addressed by the parties during oral argument and are construed as moot. The contested discovery requests, the parties' positions, and the Court's rulings which were issued during oral argument and memorialized in this Order are delineated below.

**II.     Standard of Review**

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1) specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Rule 26(b)(1) also specifics that discovery must be "proportional to the needs of the case, considering

the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

The Court notes that the discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Rule 33 states that "a party may serve on any other party no more than 25 written interrogatories." Fed. R. Civ. P. 33(a)(1). "An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). The responding party "must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2).

**III.   Analysis**

**Request for Production Nos. 4, 11, 12** and **Interrogatory Nos. 2, 3, 4, and 5** all request tracking data pertaining to Prime's trucks that were in the area when the subject incident occurred.[1]

---

[1] **Request No. 4** seeks all recordings of information regarding the operation of, or communication with, all tractors and trailers traveling on Interstate 59 (south) in the State of Louisiana on October 30, 2014, in the area of the accident during the period of time between 10:30 a.m. to 12:30 p.m., including, data recorders, satellite tracking recordation, GPS tracking, dash cam, or other video, electronic tracking, or any other recordation which would have recorded the operation and movement of the tractor and trailer on the date of this crash. **Request No. 11** request all records, including driver log books, diaries, tracking data, email communications or other communications, reflecting the operation of Prime tractor trailers which traveled on Interstate 59 (south) in the State of Louisiana in the area

3

During oral argument, Plaintiff's counsel stated that the purpose of its request is to determine whether a Prime truck was involved in the subject accident. Counsel stated that after the accident, Prime conducted an internal investigation by using GPS tracking system to determine if a Prime truck was in the area during the relevant time. Counsel stated that its discovery requests, in particular, Interrogatory No. 3, requests for Defendant to state if any of their trucks were within six miles of the accident on October 30, 2014, between 9:00 a.m. and 1:00p.m and to provide the truck's GPS coordinates. Counsel represented that his requests include a four-hour range because the exact time of the accident is unknown.

In response to the requests for tracking data, Plaintiff's counsel stated that Prime produced information, including GPS coordinates for eighty of its trucks. Counsel stated that most of the trucks were not in the area at the time of the accident. However, Plaintiff's counsel was able to narrow the universe of trucks down to seven which he argues GPS coordinates confirmed were in the area. Of the seven trucks, counsel stated that Defendant has provided detailed information, including GPS information and data downloaded from the truck's tracking system for two of the trucks. Counsel also stated that the information that was produced was generated two weeks after the accident as a part of the Defendant's internal investigation.

---

of this accident for the date of October 30, 2014, between 10:30 a.m. to 12:30 p.m. R. Doc. 16-8, p. 3. **Request No. 12** seeks all records reflecting any download of any electronic recording devices contained in any tractor trailer which traveled on Interstate 59 (south) in Louisiana in the area of this accident on October 30, 2014 R. Doc. 16-8, p. 4. **Interrogatory No. 2** requests whether the Defendant's trucks in the area of this accident at issue in this case, from 9:00 a.m. to 1:00 p.m. on October 30, 2014, were equipped with any electronic recording device that track the location, operation, movement or condition of the truck. **Interrogatory No. 3** requests for Defendant to identify all trucks, which had any relationship with Prime, Inc., that were in the vicinity of the area of the accident any time on October 30, 2014, between 9:00 a.m. and 1:00 p.m. **Interrogatory No. 4** requests for Plaintiff to state whether there where any electronic devices in the cabs of Defendant's truck that traveled in the area on October 30, 2014, including cell phones, pager, GPS mapping device, computer, CB radio, or another other item which could be used to communicate with persons outside of the truck. **Interrogatory No. 5** request for Defendant to identity all tractor trailers with the "Prime" logo that were traveling on Interstate 59 (south) in the area of this accident near the rest stop near the intersection with Interstate 10 between 10:30 a.m. and  12:30 p.m..

In response, Defendant's counsel stated that after the incident occurred, Prime ran a search to determine whether its trucks were in the area at the time of the accident. Counsel represented that each truck is connected to its communication system which tracks GPS information. Defendant produced a "Historical Vehicle Proximity Listing" that was generated as a part of its internal investigation in November of 2014 which lists the location of its trucks at the time of the accident. Counsel represented that Defendant's tracking system only retains tracking information for six months and that it cannot regenerate the data. Thus, it is limited to tracking reports that were generated soon after the accident.

Plaintiff's counsel noted that Defendant has not produced responsive data for five of the seven trucks that it identified. The five are trucks numbers: 630092, 640107, 641183, 649274, 659147. Counsel also questioned whether Plaintiff's have produced all of the data it generated after the accident. Counsel noted that Defendant represented previously that it produced all data in its possession, but when Plaintiff questioned the depth of the produced data, additional data was produced.

The Court inquired into the depth of information that has been produced regarding the seven trucks that Plaintiff identified. Defendant's counsel stated that he has produced all of the download data, including GPS coordinates that is available regarding the seven trucks. Counsel represented that based on his review, none of the seven trucks traveled the pathway within a reasonable period of time in relation to the accident.

After listening to the position of each side, the Court questioned Defendant's six-month retention policy and questioned whether there was an attempt by Defendant's IT department to retrieve the data or if backup data exists. Defendant's counsel stated that the Prime has a six-month

automatic deletion policy and that Prime has represented to him that he has all reports that were generated after the incident.

The Court ordered Defendant to supplement their responses no later than **twenty-one (21) days** from the signing of its Order to: (1) produce Prime's data retention policy, and (2) produce a certification from its internal IT department that attests to their six month retention policy and that IT searched its tracking system again and no additional, responsive data exists. Further, the Court ordered Defendant to supplement its responses no later than **twenty-one (21) days** from the signing of this Order to certify by submitting a verified response that: (1) it has produced everything that it has in its possession; (2) to itemized the process it used to produce responsive data; and (3) and to produce a privilege log for any reports or downloaded information that is being withheld based on a privilege.

**Request for Production Nos. 3 and 6**[2] seeks all photographs, videos, measurements, and observations regarding the scene of the crash that are in Defendant's possession. During oral argument, Plaintiff stated that he believes that Defendant retained an adjuster who went to the scene and took photographs within one month after the accident. R. Doc. 16-8, p. 2.

Defendant objects to the request and argues that it does not have a temporal limitation and is vague and overly burdensome. Further, Defendant states that Plaintiff was not precluded from visiting the area where Plaintiff claims the incident occurred and photographing or measuring the area himself. R. Doc. 19-7, p. 8.

During oral argument, Plaintiff's counsel raised the issue that Defendant has withheld photos taken by its independent adjustor who it hired soon after the accident and took photographs

---

[2]Request No. 6 requests true copies of any photographs, videotapes, audio recordings, motion pictures, charts, or diagrams taken or made by Defendant, including its employees or an insurance company on its behalf. R. Doc. 16-8, p. 3.

of the scene of the accident. Counsel argues that he is unable to obtain substantially equivalent photographs because the accident scene has changed since the subject accident. Defendant objected to the request based on the work-produce privilege. R. Doc. 19-7, p. 7. However, Defendant's counsel stated that it intends to use the photographs at trial.

The Court ordered the Defendant to produce the photographs because they were taken soon after the accident and it would be impossible for Plaintiff to obtain substantially equivalent photographs. However, the Court also ruled that any attachments that include the adjustor's comments or notes may be redacted based on work-product privilege. Accordingly, Plaintiffs' motion to compel regrading Request for Production Nos. 3 and 6 are granted to the extent that Defendant shall produce responsive photographs no later than **fourteen (14) days** from the signing of this Order

**Interrogatory No. 6** requests contact information for persons who were at the scene of the accident two hours before the accident and six hours after the accident. R. Doc. 16-4, p. 14. Plaintiff argues that it entitled to such information under FRCP 33(a)(2) which states that an interrogatory may relate to any matter that may be inquired into under Rule 26(b). *Id.*

Defendant argues that the request seeks information that is equally accessible to Plaintiff. Further, Defendant refers Plaintiff to the police report as well as information known to Plaintiff by its witnesses. R. Doc. 16-4, p. 14.

During oral argument, Plaintiff's counsel stated that it is entitled to the names of individuals that Defendant has identified that were present at the scene two hours before the accident and six hours after the accident. Counsel also stated that his request is limited to identities and does not include statements that the individuals provided.

After listening to the argument of each party, the Court held that the request as written was overbroad and limited it to three (3) hours <u>after</u> the accident. The Court's ruling was limited to the identity of the individuals and does not include notes or statements that were generated. Defendant shall produce the names of the individuals no later than **fourteen (14) days** from the signing of this Order.

**Request for Production No. 17** seeks documents reflecting stops at weight stations or other roadway stops for commercial 18-wheelers operating under the name of "Prime, Inc." that traveled on Interstate 59 (south) in the area of this accident on October 30, 2014, between 9:00 a.m. to 1:00 p.m. *Id.* at 5.

Defendant objects to the request and argues that it is vague and irrelevant. *Id.* Defendant later supplemented its request to state that it objects because it seeks discovery of electronically stored information from sources that are not reasonably accessible because of undue burden and cost. R. Doc. 19-7, p. 11.

During oral argument, Plaintiff's counsel stated the evidence of weight station stops is an additional source that demonstrates whether any of Defendant's trucks were in the area at the time of the subject accident. The Court ordered that in light of its previous orders, Plaintiff should review that information first and determine if information reflecting stops at weight stations is still needed. Accordingly, Plaintiff's request regarding Request for Production No. 17 is denied at this time.

**IV.   Conclusion**

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion to Compel (R. Doc. 16)** is **GRANTED in part, DENIED in part, and MOOT in part.**

**IT IS GRANTED** as to **Request for Production Nos. 4, 11, 12** and **Interrogatory Nos. 2, 3, 4, and 5** to the extent that Defendant shall supplement it response **no later than twenty-one (21) days** from the signing of its Order to: (1) produce Prime's data retention policy, (2) produce a certification from its internal IT department that attests to their six month retention police and that IT searched its system again and no additional, responsive data exists. Further, Defendant shall supplement its responses no later than **twenty-one (21) days** from the signing of this Order to certify by submitting a verified response: (1) it has produced everything that it has in its possession; (2) to itemized the process it used to produce responsive data; and (3) and to produce a privilege log for any reports or download information that are being withheld based on a privilege.

**IT IS FURTHER GRANTED** as to **Request for Production Nos. 3 and 6** as to the extent that Defendant shall produce responsive photographs no later than **fourteen (14) days** from the signing of this Order.

**IT IS FURTHER GRANTED** as to **Interrogatory No. 6** to the extent that Defendants shall produce the identity individuals any individual that was at the scene three hours after the incident. The Court's ruling is limited to the identity of the individuals and does not include notes or statements that were generated. Defendant shall produce the names of the individuals no later than **fourteen (14) days** from the signing of this Order.

**IT IS DENIED** as to **Request for Production No. 17**.

**IT IS MOOT** as to **Request for Production Nos. 1, 10, 13, 16, and 18** and **Interrogatories Nos. 1, 7, 8, 13, and 14**.

New Orleans, Louisiana, this <u>15th</u> day of April 2016.

---
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**