UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID FRANKS                                              CIVIL ACTION

VERSUS                                                   NO:     15-5154

NEW PRIME, INC. D/B/A PRIME, INC.,                       SECTION: "N" (4)
JOHN DOE AND RLI INSURANCE
COMPANY

## ORDER

Before the Court is a **Motion for Reconsideration and/or Clarification on Plaintiff's Motion to Compel (R. Doc. 26)** filed by the Plaintiff seeking an Order for clarification and/or reconsideration of the Court's April 15, 2016 (R. Doc. 25) Order. The motion is opposed. R. Doc. 27. The motion was heard with oral argument on May 18, 2016.

## I.   Background

This action arises out of a near-miss incident which occurred when David Franks was traveling southbound on Interstate 59.  He alleges that without warning a New Prime ("Prime") 18-wheeler operated by "John Doe" improperly changed lanes. Franks alleges that while he successfully avoided the collision by veering off the roadway onto the median of the interstate, lost control of his motorcycle, was ejected from the motorcycle, and sustained injures. He further alleges that the phantom truck fled the scene. R. Doc. 1, p. 2.

Currently, Plaintiff seeks clarification and/or reconsideration of the Court's April 15, 2016 order.  Specifically, concerning the Court's ruling,[1] the Plaintiff contends that while the Court ordered that Prime supplement the record as to trucks in the vicinity of the subject accident between

---

[1] **Interrogatory No. 3** requests for Defendant to identify all trucks, which had any relationship with Prime, Inc., that were in the vicinity of the area of the accident any time on October 30, 2014, between 9:00 a.m. and 1:00 p.m. **Interrogatory No. 5** requests for Defendant to identity all tractor trailers with the "Prime" logo that were traveling on Interstate 59 (south) in the area of this accident near the rest stop near the intersection with Interstate 10 between 10:30 a.m. and 12:30 p.m.

the hours of 9:00a.m. and 1:00p.m. or 10:30a.m. to 12:30p.m., Prime only answered as to the specific time of the alleged incident.  As a result, Plaintiff complains that Prime overly narrowed the scope of the response. *Id.* at 2.  Plaintiff also complains that since oral argument on the motion they learned that tracking reports were in Central Standard Time while the police report was in Central Daylight Savings time.

In opposition, Defendants contend that they have complied with their discovery obligation and that the Plaintiff's motion is without merit and should be summarily denied.  Prime further contends that the Plaintiff has not complied with the obligation to confer before filing a motion and further that the filing of this motion is inconsistent with their Discovery Agreement. Defendants again maintain that there is no evidence that a Prime truck was involved in the subject accident.

## II.   <u>Standard of Review</u>

The Federal Rules do not recognize a motion for consideration, it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). Rules 59 and 60, however, apply only to final judgments. When a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls. Fed.R.Civ.P. 54(b). *See also, Helena Labs.,* 483 F.Supp.2d 538 (motion for reconsideration under Rule 59(e) treated as under Rule 54(b) because reconsideration of partial summary judgment order was sought and no final judgment had yet been entered in the case). The Rule states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the

entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Under Rule 54(b), the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." However, this broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays. Further, the decision of the district court to grant or deny a motion for reconsideration will only be reviewed for an abuse of discretion. *Martin v. H.M.B. Constr. Co.*, 279 F.2d 495, 496 (5th Cir. 1960) (citation omitted). *See also, Garcia v. Woman's Hosp. of Tex.*, 97 F.3d 810, 814 (5th Cir. 1996).

The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider under the same standards that govern Rule 59(e) motions to alter or amend a final judgment. *See, e.g., Castrillo*, 2010 WL 1424398, at *3; *Rosemond v. AIG Ins.*, 2009 WL 1211020, at *2 (E.D.La. May 4, 2009) (Barbier, J.). A Rule 59(e) motion "calls into question the correctness of a judgment," and courts have considerable discretion in deciding whether to grant such a motion. *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp.* (In re Transtexas Gas Corp.), 303 F.3d 571, 581 (5th Cir. 2002). In exercising this discretion, courts must carefully balance the interests of justice with the need for finality. Courts in the Eastern District of Louisiana have generally considered four factors in deciding a motion under the Rule 59(e) standard: (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law.

Importantly, Rule 54(b) motions, like those under Rules 59(e) and 60(b), are not the proper vehicle for rehashing evidence, legal theories, or arguments. *Simon v. United States*, 891 F.2d

1154, 1159 (5th Cir. 1990). Instead, they "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989). Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly" and the motion must "clearly establish" that reconsideration is warranted. *Templet v. Hydro Chem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004).

Moreover, it is well-settled that motions for reconsideration should not be used to raise arguments that could, and should, have been made before entry of an order or to re-urge matters that have already been advanced by a party. *See Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990). When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted. *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F.Supp.2d 471 (M.D.La. 2002). *See also, Mata v. Schoch*, 337 B.R. 138 (S.D.Tex. 2005) (refusing reconsideration where no new evidence was presented). *See also, FDIC v. Cage*, 810 F.Supp. 745, 747 (D.Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

## III.    Analysis

Plaintiff seeks clarification and/or reconsideration of the Court's April 15, 2016, order. Specifically, concerning the Court's ruling, [2] the Plaintiff contends that while the Court ordered that Prime supplement the record as to trucks in the vicinity of the subject accident between the

---

[2] **Interrogatory No. 3** requests for Defendant to identify all trucks, which had any relationship with Prime, Inc., that were in the vicinity of the area of the accident any time on October 30, 2014, between 9:00 a.m. and 1:00 p.m. **Interrogatory No. 5** requests for Defendant to identity all tractor trailers with the "Prime" logo that were traveling on Interstate 59 (south) in the area of this accident near the rest stop near the intersection with Interstate 10 between 10:30 a.m. and 12:30 p.m.

hours of 9:00a.m. and 1:00p.m. or 10:30a.m. to 12:30p.m., Prime only answered as to the specific time of the alleged incident.  As a result, Plaintiff complains that Prime's response overly narrowed the scope of the requests. *Id.* at 2.  Plaintiff also complains that since oral argument on the motion he learned that tracking reports were in Central Standard Time while the police report was in Central Daylight Savings time.

In opposition, Defendants contend that they have complied with their discovery obligation and that the Plaintiff's motion is without merit and should be summarily denied.  Prime further contends that the Plaintiff has not complied with the obligation to confer before filing a motion and further that the filing of this motion is inconsistent with their Discovery Agreement. Defendants again maintain that there is no evidence that a Prime truck was involved in the subject accident. *Id.* at 3.

The focus of the subject motion was the wording of the Court's order regarding the duty to supplement because the additional terms of the order allegedly resulted in a limitation of the earlier portion of the order.  For example, the order issued read as follows:

> **IT IS GRANTED** as to Request for Production Nos. 4, 11, 12 and Interrogatory Nos. 2, 3, 4 and 5 to the extent that Defendant shall supplement it response no later than **twenty-one days (21)** from the signing of its order to: (1) produce Prime's data retention policy, (2) produce a certification from its internal IT department that attests to their six month retention policy and that IT searched its system again and no additional, responsive data exists.

Plaintiff alleges that in reading the Order while the Court granted his request, the Order appeared to be limited by what followed. The Court in reviewing the Order agrees with counsel that the net effect of the additional requirements nullified the effect of the discovery response supplementation requirement of the Order. As a result, the **Motion for Reconsideration and/or Clarification on Plaintiff's Motion to Compel (R. Doc. 26)** filed by the Plaintiff seeking an

Order for clarification and/or reconsideration of the Court's April 15, 2016 (R. Doc. 25) Order is **GRANTED**.

 **IT IS THEREFORE ORDERED** that the April 15, 2016, Order is modified to read as follows:

  **IT IS GRANTED** as to Request for Production Nos. 4, 11, 12 and Interrogatory Nos. 2, 3, 4 and 5 to the extent that Defendants shall supplement their responses no later than **twenty-one (21) days** from the signing of this Order

  **IT IS FURTHER ORDERED** that Defendants shall: (1) produce Prime's data retention policy, (2) produce a certification from its internal IT department that attests to their six month retention policy and that IT searched its system again and no additional, responsive data exists which shall be produced no later than **twenty one (21)** days from the signing of the Order.

  **IT IS FURTHER ORDERED** that the April 15, 2016, Order with the exception of the above modifications shall otherwise remain unchanged or unaffected by this Order.

  New Orleans, Louisiana, this <u>23rd</u> day of May 2016.

      **KAREN WELLS ROBY**
     **UNITED STATES MAGISTRATE JUDGE**